McCORMACK v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. January 8, 1909.)

CARRIERS (§ 316*)—STATIONS—SWINGING DOORS—PERSONAL INJURY—BURDEN OF PROOF.

In a suit for injury to a passenger while necessarily passing through a corridor to his train caused by glass in a swinging door breaking when he pushed against it to open the door, which was locked, the burden was on the company to explain why the door was locked, where the passenger used no more force than he had previously used in passing through the doors, and where there was nothing to indicate that they would not easily respond to ordinary pressure.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1283; Dec. Dig. § 316.*]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by George W. McCormack, by Adelaide McCormack, his guardian ad litem, against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

James L. Quackenbush (Joseph H. Adams, of counsel), for appellant. John O'Connell, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILDERSLEEVE, P. J.   The plaintiff in passing through the defendant's station at Rector and Greenwich streets, after paying his fare and depositing his ticket in the box, was required to go through a long corridor in which the defendant has placed two swinging doors, each with a heavy plate glass panel extending from near the top to near the bottom of the doors.   Upon reaching these doors, the plaintiff put out his hand upon the glass of one door for the purpose of opening it, when the glass broke, his hand went through, he was badly cut, and sued and recovered damages for such injury.

The plaintiff's evidence was not disputed; the defendant resting after the testimony given by the plaintiff was closed.   The plaintiff testified that, in attempting to push the door open, he used no more force than he had previously used every morning in passing through twice each day for some time prior thereto.   It was also shown that at the time when the plaintiff attempted to pass through this door it was locked.   When, by whom, for how long, or for what purpose it was locked, does not appear.   The passageway referred to and the swinging doors are placed there by the defendant, are exclusively under its care and control, and passengers have no other way of getting to and from the defendant's trains except by passing through these doors.   So far as appears from the testimony, the doors approached by the plaintiff at the time of the injury were apparently in the same condition as they had been in previous to the accident, and there was nothing to indicate that they would not easily respond to an ordinary pressure, such as the plaintiff had been accustomed to give to them in obtaining ingress or egress, and which he swears he used when he was injured.   We think that the fact that the door was locked at the time the plaintiff attempted to pass through called for some explanation on the part of the defendant.   The door in question certainly was not in its usual condition, such as the plaintiff had a right to presume it would be, and the fact that it did not respond to the ordinary and usual pressure theretofore used in opening it put the necessity of explaining this uncommon condition upon the defendant, who was responsible for the establishment and proper maintenance and who had invited the plaintiff to its use.

Judgment affirmed, with costs.   All concur.